STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| | } | |
| **In re Waitsfield Public Water System** | } | **Docket No. 33-2-10 Vtec** |
| **Act 250 Permit** | } | **(Appeal from Dist 5 Env. Commission)** |
| | } | |

## Decision on Cross-Motions for Summary Judgment

Appellant Virginia Houston ("Appellant") appeals to this Court the decision by the District 5 Environmental Commission ("District Commission") to issue an Act 250 Land Use Permit to the Town of Waitsfield ("Town") for the construction of a municipal water supply system. Appellant has also brought civil claims against the Town, which are currently pending in the Civil Division of the Washington Superior Court, contesting, among other matters, ownership and control of a portion of the land on which the water system is to be constructed. See Houston v. Town of Waitsfield, No. 147-3-08 Wncv (Vt. Super. Ct. Civ. Div.) (complaint filed Mar. 10, 2008). In her appeal to this Court, Appellant raises the four legal questions detailed below in the Discussion section of this Decision.

The Town is represented in these proceedings by Joseph S. McLean, Esq.; the Agency of Natural Resources ("ANR") is represented by Anne F. Whiteley, Esq.; Appellant is represented by Paul S. Gillies, Esq.; and Interested Person Jean Damon is represented by Richard W. Darby, Esq. and co-counsel Christopher J. Nordle, Esq. Currently before the Court are cross-motions for summary judgment filed by the Town and Appellant on all four of Appellant's Questions.[1] None of the remaining parties has chosen to file a response to the pending motions.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. On April 21, 2009, the Town filed an application, signed solely by the Town, for an Act 250 Land Use Permit to construct a municipal water supply system on 17± acres in the Town

---

[1] The language on pages 1 and 7 of Appellant's Response to Town of Waitsfield's Motion for Summary Judgment and Appellant's Cross Motion for Summary Judgment filed on June 11, 2010 makes unclear whether Appellant is requesting summary judgment as to all four questions or simply Questions 1 and 2. This Decision responds to Appellant's motion as if it were a request for summary judgment on all four Questions.

of Waitsfield. The system is to provide a public water supply to the villages of Irasville and Waitsfield.

2. The Town secured a Community Water System Source Permit ("Source Permit") for the project from the Water Supply Division of the ANR Department of Environmental Conservation. This Court upheld the grant of the Source Permit in In re Waitsfield Water Supply Source Permit, No. 134-7-08 Vtec (Vt. Envtl. Ct. July 14, 2009) (Durkin, J.).

3. As currently planned, the municipal water supply system will include a well, which the Town previously drilled;[2] a 400,000 gallon storage tank; approximately 18,400 linear feet of water transmission lines; and approximately 9,000 linear feet of distribution mains and related improvements. In conjunction with the well, the Town plans to construct a 12-foot-by-25-foot well house in which it will store chlorine for use in disinfecting the water supply. The Town also proposes to develop a gravel parking area next to the well house.

4. The drilled well is located off a short pathway running diagonally southeast from Long Road, which runs north to south at the point where the pathway extends from it. The Town plans to access the planned well house by travel on this pathway. The Town represents that this pathway is a Class 4 Town Road called Reed Road, but Appellant claims that it is her private driveway. Appellant and another party have challenged the Town's claims of ownership and control of the pathway in the Civil Division of the Superior Court. See Houston v. Town of Waitsfield, No. 147-3-08 Wncv (Vt. Super. Ct. Civ. Div.). Also at issue in the pending civil proceeding is the Town's right to condemn certain portions of Appellant's property. This action is currently scheduled for trial; we have not yet been advised of a final determination in the Civil Division proceedings.

5. Appellant owns a large tract[3] in the Town of Waitsfield that abuts portions of Long Road along its western boundary and includes the short pathway upon which the Town's planned well house is to be located.

---

[2] The record before us does not appear to indicate the date on which the well was originally drilled.

[3] It is unclear how many acres Appellant's property contains. Included in the statement of undisputed facts submitted by the Town is the approximation of 1,530 acres, which Appellant agrees with in her response. (See Kiernan Aff. ¶ 6, filed May 11, 2010; Appellant's Statement of Material Facts, filed June 11, 2010). However, Appellant includes in her affidavit a statement that her property consists of approximately 2,543 acres, and her Notice of Appeal contains a representation that her property consists of approximately 1,544 acres. (See Appellant's Aff. ¶ 2, filed June 16, 2010; Appellant's Notice of Appeal; Statement of Questions, filed Feb. 19, 2010).

6.      Appellant's property currently contains several wells which she accesses from the pathway running from Long Road.  Appellant also represents that she intends to develop a commercial water source, a residential subdivision, and a small farm community on her property.

7.      On May 19, 2009, the District Commission held a pre-hearing conference in which the Town provided an overview of the proposed project and the District Commission received requests for party status.  Appellant requested party status under Act 250 criteria 2, 3, 4, 5, and 9(K).  See 10 V.S.A. § 6086(a).  The Town objected to Appellant's party status requests.

8.      On June 11, 2009, The District Commission granted Appellant provisional party status as to Act 250 criteria 3 and 5 and denied her party status as to criteria 2, 4, and 9(K).  Appellant filed a motion with the District Commission on June 24 requesting an alteration of the denials of party status under criteria 2, 4, and 9(K).  On July 2 the District Commission issued a Memorandum of Decision declining to alter its original party status determinations.

9.      On July 7, 2009, the District Commission held an evidentiary hearing on the Town's application.  On February 5, 2010, the District Commission granted the Town's application and issued Act 250 Permit #5W1511,[4] concluding that, with the 16 conditions imposed by the Commission, the project would comply with all applicable Act 250 criteria.

10.      Both the Town and Appellant thereafter filed requests for reconsideration.  On March 16, 2010, the District Commission issued its Memorandum of Decision, which granted several requests to alter its original Decision in matters that do not impact on this appeal.  Appellant filed a timely appeal with this Court on February 19, 2010.[5]

## Discussion

This de novo appeal arises from the District Commission's issuance of Act 250 Land Use Permit #5W1511 to the Town for the construction of a municipal water supply system.  Appellant brings a timely appeal of the District Commission's Decision, raising four legal questions in her Statement of Questions:

---

[4]  The District Commission rendered its approval in its Findings of Fact and Conclusions of Law dated February 5, 2010 ("Decision").  Because it rendered positive findings and conclusions as to all applicable Act 250 criteria, the District Commission also on February 5, 2010 issued Act 250 Permit #5W1511.

[5]  We previously addressed the timing and sequence of the Commission's original Decision, the filing of Appellant's notice of appeal, and the Commission's subsequent Memorandum of Decision on the parties' respective motions to reconsider.  See In re Waitsfield Public Water System Act 250 Permit, No. 33-2-10 Vtec (Vt. Super. Ct. Envtl. Div. Sept. 15, 2010) (Durkin, J.)

"1. Whether the Town's lack of control over the site justifies either delay or a requirement that the application include the signature of the adjoining landowners. . . .

2. Whether Virginia Houston was properly denied standing on Criteria 2, 4, and 9(K). . . .

3. Whether the Waitsfield well will offend Criterion 3, as it relates to the burden on the existing Houston water supply. . . .

4. Whether the Waitsfield well, sited in the middle of what may be a town highway, violates Criterion 5."

Appellant's Notice of Appeal; Statement of Questions, filed Feb. 19, 2010.

Currently before the court are the principal parties' cross-motions for summary judgment. The Town has moved for judgment on all four questions, and we similarly treat Appellant's motion as seeking summary judgment as to all four questions.

## I.    Summary Judgment Standard

In determining whether either party is entitled to summary judgment in full or part, we apply the well-established standard that summary judgment is warranted only if "the moving party has demonstrated that there are no genuine issues of material fact and it is entitled to judgment as a matter of law." Puro v. Neil Enters., 2009 VT 95, ¶ 10 (mem.) (quoting Goldman v. Town of Plainfield, 171 Vt. 575, 575 (2000) (mem.)); see also V.R.C.P. 56(c)(3). When the non-moving party would bear the burden of persuasion at trial, the moving party can demonstrate a lack of disputed material facts, and satisfy its burden of production, simply by pointing to a lack of evidence in support of the non-moving party's case; however, if the non-moving party then "persuades the court that there is a triable issue of fact," summary judgment cannot be granted. See Boulton v. CLD Consulting Eng'rs, 2003 VT 72, ¶ 5, 175 Vt. 413 (citing Ross v. Times Mirror, Inc., 164 Vt. 13, 18 (1995)).

As our Supreme Court has stated, "[s]ummary judgment is not a substitute for a determination on the merits, so long as evidence has been presented which creates an issue of material fact, no matter what view the court may take of the relative weight of that evidence." Stamp Tech, Inc. v. Lydall, 2009 VT 91, ¶ 31 (quoting Envtl. Bd. v. Chickering, 155 Vt. 308, 319 (1990)). A court can only consider references to evidence that would be admissible at trial in ruling on a motion for summary judgment, see Madden v. Omega Optical, 165 Vt. 306, 311 (1996), but the trial court must also give the non-moving party the "benefit of all reasonable

4

doubts and inferences" when determining whether a triable issue exists. In re Miller Subdivision Final Plan, 2008 VT 74, ¶ 8, 184 Vt. 188 (quoting Peerless Ins. Co. v. Frederick, 2004 VT 441, ¶ 10, 177 Vt. 441). With these directives in mind, we proceed with a review of the material facts presented by the parties here, as well as the applicable legal standards.

## II.     Question 1

Appellant's Question 1 raises the issue of whether, based on the separate proceedings pending in the Civil Division of the Washington Superior Court challenging ownership and control of a portion of the land involved in the Town's proposed development, this Court should stay its proceedings and, prior to reactivating these proceedings, require the Town to secure the signature of adjoining landowners on its Act 250 permit application. In its motion for summary judgment, the Town argues that such delay is not required or warranted. The Town also argues that no additional signature on the application is necessary under the provisions of 24 V.S.A. § 6083(f), which provides that in an Act 250 proceeding where the applicant is an entity "empowered to condemn the involved land or an interest in it, the application need only be signed by that party." For the reasons detailed below, we conclude that the Town is entitled to summary judgment as a matter of law as to Question 1.

As specified by Act 250 Rule 10, an applicant for an Act 250 permit must be the record owner of the involved land "unless good cause is shown to support a waiver of this requirement," such as "a demonstration that the applicant effectively controls" the land. Act 250 Rule 10(A); see also 10 V.S.A. § 6083(a). As recognized by both Appellant and the Town, however, this Court does not have jurisdiction to resolve property ownership disputes; the Civil Division of the various Superior Courts are vested with the jurisdiction to resolve such disputes. To reconcile the jurisdictional limitation of this Court with the need to evaluate whether an applicant can meet the requirements set out in the statutory provisions of Act 250 and its applicable Rules, we require that an applicant for an Act 250 permit satisfy the same threshold burden as we have required of applicants for municipal permits. See, e.g., In re Leiter Subdivision Permit (Appeal of Stimson), No. 85-4-07 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.); Appeal of Monty, Nos. 7-1-04 Vtec and 47-3-04 Vtec, slip op. at 6-7 (Vt. Envtl. Ct. Jan. 24, 2006) (Durkin, J.). That is, we require an applicant to produce some evidence of title or interest and right in the involved land.

As correctly noted by the Town, Vermont municipalities have a statutory power to condemn property for the creation of a municipal water supply system. See 24 V.S.A. § 3301 (authorizing a municipality to "take, purchase and acquire" lands or easements thereon to "construct, maintain, and repair an artesian well, reservoir or reservoirs, pumps, engines and [related] apparatus . . ..") (emphasis added); see also 24 V.S.A. § 3302 (regarding entry upon such lands) and § 3303 (regarding compensation and condemnation). We conclude that this statutory grant of condemnation power is sufficient evidence of an interest and right by the Town in the involved land to satisfy the threshold burden the Town bears and to rise to the level of "good cause" specified for a waiver of the Act 250 Rule 10 record-owner requirement. For this Court to ask more would be to venture beyond our jurisdictional authority. See, e.g., Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 5 ("[F]urther claims to title, or claims attacking the same [beyond the threshold burden] must go to the appropriate Superior Court.") (citations omitted).

Similarly, we conclude that the condemnation power found in 24 V.S.A. § 3301 is sufficient to trigger the exception in 24 V.S.A. § 6083(f) and Rule 10(A) that allows municipalities with condemnation power to be the only entity signing an Act 250 permit application. Taken together, these statutory provisions specifically answer a portion of Appellant's Question 1 in the negative: there is no requirement that the current owner of lands that are the potential site for a municipal water supply system sign the municipality's Act 250 land use application.

Appellant argues in her response to the Town's summary judgment motion that this Court should nonetheless delay its hearing because the applicability of the condemnation authority to the involved land is one of the issues she has raised in her Civil Division litigation. Appellant further posits that a ruling by the Environmental Division on the Town's permit application would be akin to an advisory decision on that legal question. We disagree. The only legal issue over which we have jurisdictional authority is whether the Town's application conforms to all applicable Act 250 criteria. None of the criteria authorizes this Court to consider the legal propriety of the Town's condemnation proceedings, nor any other issues concerning land ownership or control. We therefore decline to speak to these legal questions, and see no purpose in delaying our consideration of the Town's Act 250 application while those issues are addressed and resolved by the appropriate court.

We addressed a similar argument in a related matter, the appeal of the Town's Source Permit brought by Appellant and another party. See In re Waitsfield Water Supply Source Permit, No. 134-7-19 Vtec, slip op. at 2 (Vt. Envtl. Ct. July 14, 2009) (Durkin, J.). In that Entry Order, we stated that the aforementioned pending civil action did not warrant delaying the consideration of the Source Permit application because we did not have the jurisdictional authority to consider questions of ownership and control. Id.

Similarly, here, the pending civil action does not warrant a stay in this proceeding because this Court can, and must, make determinations on Act 250 permit applications independent from litigation concerning ownership. It would be impractical to require a municipality that wished to seek an Act 250 permit for a planned public project to first complete condemnation proceedings before knowing whether the project would receive the necessary land use permits. Speaking on a related topic, our Supreme Court has noted that land use disputes are often characterized by extended litigation that involves "protracted maneuvering." Smith v. Winhall Planning Commission, 140 Vt. 178, 182 (1981). The Smith Court used this observation to support the adoption of the "minority rule" of vested rights in land use litigation, which it viewed as "more practical to administer" and fostering more certainty in such litigation. Id. at 181–82. For a similar reason, we conclude that a stay or further delay in this litigation is not warranted.

For these reasons, we conclude that no delay is warranted while the principal parties' civil litigation is resolved by another trial court, and we conclude that the Town is entitled to proceed with its application, even though it is the only entity on whose behalf the application is signed. The Town's motion for summary judgment on Question 1 is therefore **GRANTED** and Appellant's motion on that same Question is **DENIED**.

## II.    Question 2

Turning to Appellant's Question 2, Appellant asks whether she was improperly denied party status by the District Commission as to Act 250 criteria 2, 4, and 9(K). See 10 V.S.A. § 6086. The Town has moved for summary judgment on this Question as well, arguing that Appellant has not followed the proper procedure to appeal the District Commission's denial of party status on these criteria and that she has therefore failed to preserve her right to appeal the determination. As with Question 1, there appear to be no material facts in dispute as to Question 2, so we now consider whether summary judgment is appropriate as a matter of law.

To have standing to appeal an Act 250 decision by a district commission, the party appealing must, among other requirements, have been granted party status as to each Act 250 criterion about which the party seeks review on appeal. See 10 V.S.A. § 8504(d). A party who was denied party status by a district commission as to a particular criterion may nonetheless appeal the permit determination by obtaining a grant of party status from the Environmental Division. See 10 V.S.A. § 8504(d)(2). As detailed in V.R.E.C.P. 5(d)(2), a party without party status who wishes to appeal "must assert that claim by motion filed with the notice of appeal." We have previously stated, and reiterate here, that this "mandatory directive requires strict compliance" and operates to put "the parties and the Court on clear notice of the exceptional circumstances that warrant an appeal under § 8504(d)(2)." Verizon Wireless Barton Act 250 Permit (Appeal of Auger), No. 6-1-09 Vtec, slip op. at 7 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.).[6]

Appellant here has not filed a motion seeking party status. In her response to the Town's motion for summary judgment and her own motion for summary judgment, Appellant urges the court to view her Statement of Questions as such a motion. The Court declines to do so, because we do not find authority in our procedural rules to do so.

The statement of questions that an appellant must file with our Court operates much like a complaint in a civil division proceeding. See Reporter's Notes, V.R.E.C.P. 5(f) ("The statement [of questions] functions like a pleading to limit the issues that are to be heard on appeal"); V.R.C.P. 7(a)-(b) (distinguishing motions and pleadings and requiring motions to "state with particularity the grounds therefore including a concise statement of the facts and law relied on, and . . . set forth the relief or order sought."); see also V.R.E.C.P. 5(a)(2). Additionally, while our procedural rules prohibit a response to a statement of questions, parties opposed to a written motion are given the opportunity to respond before the court disposes of it; indeed, parties opposed to a motion risk disposition on it without their input if they fail to respond. See V.R.E.C.P. 5(f); V.R.C.P. 78(b)(1). The filing of a statement of questions cannot, without leave from this Court, serve as a motion for the simple reason it does not put the opposing party on notice of the ability or need to file a memorandum in opposition. Therefore,

---

[6] The cited appeal must be distinguished from a separate appeal concerning the municipal approval of the same cell tower application, even though the municipal appeal raised similar procedural issues. See In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec (Vt. Envtl. Ct. May 20, 2009), aff'd, 2010 VT 62.

8

we conclude that the Statement of Questions filed by Appellant on February, 2010 does not operate as a motion for party status.

It is within our discretion to determine if the failure to file such a motion warrants summary judgment or other action that the court deems appropriate. See V.R.E.C.P. 5(b)(1); In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21. The scenario before us is not unlike that recently before the Court in Verizon Wireless Barton Act 250 Permit, where we concluded that the filing of a statement of questions raising the issue of party status, by itself, was insufficient to trigger this Court's jurisdiction and review. See No. 6-1-09, slip op. at 7. As the Supreme Court stated during its review of the Verizon Wireless Barton Permit appeal, "procedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants appearing before the courts, and to be meaningful, they must be enforced." Verizon Wireless Barton Permit, 2010 VT 62, ¶ 21 (quoting Krulee v. F.C. Huyuck & Sons, 121 Vt. 299, 302 (1959)).

Some may claim that such rulings raise form over substance, but we do not join them. Such deficiencies can cause an omission of the very jurisdictional authority to hear a claim, as the Verizon Court also noted: "Standing is a jurisdictional issue, and in cases where a party's standing to appeal depends upon the timely filing of a predicate motion [for party status], this procedural step must be followed to avoid dismissal." Id. at ¶ 20.

Our procedural rules also provide parties with the opportunity to file a motion to enlarge the time in which a filing could be made; we understand that such a motion could be filed to request an enlargement of time in which to file a motion for party status under V.R.E.C.P. 5(d)(2). See V.R.C.P. 6(b); see also V.R.E.C.P. 5(a)(2). No such request for an enlargement of time was filed in the Verizon appeal, as the Supreme Court so noted. 2010 VT 62, ¶ 21.

Appellant's circumstances in the appeal now before us raise no issue distinguishing her from the appellant in Verizon Wireless Barton Act 250 Permit; Appellant has not filed a motion seeking party status, and Appellant has not filed for an enlargement of time to file such a motion. Therefore, in the interest of "fairness, uniformity, and regularity of treatment to all litigants appearing before the courts," we conclude that Appellant has failed to preserve her right to appeal under Act 250 criteria 2, 4, and 9(K). Krulee, 121 Vt. at 302; see also 10 V.S.A. § 8504(d)(2). For these reasons, the Town's motion for summary judgment on Appellant's Question 2 is **GRANTED**. Appellant's motion on the same Question is **DENIED**.

9

## II. **Appellant's Question 3 and 4.**

Appellant's Questions 3 and 4 raise specific arguments under Act 250 criteria 3 and 5, two criteria for which Appellant was granted party status by the District Commission. Appellant asks, in relation to criterion 3, whether the components of the proposed municipal water supply system will interfere with Appellant's use of existing wells on her property and potentially contaminate their water source. In relation to criterion 5, Appellant asks whether the siting of the project will be in the center of a municipal road and block Appellant's access to her property. In the Town's motion for summary judgment, the Town responds that Appellant raises concerns that are not appropriately considered under criteria 3 and 5 and that the evidence Appellant has submitted in support of her arguments is inadequate and inadmissible under the Vermont Rules of Evidence.

In an appeal of a district commission decision, this Court reviews an application for an Act 250 permit on a de novo basis and applies the same "substantive standards that were applicable before" the district commission. 10 V.S.A. § 8501(h); V.R.E.C.P. 5(g). As directed by 10 V.S.A. § 6088, we take into consideration that the burden of proof at trial will be on the Town to show compliance with criterion 3, while the burden of proof will be on Appellant to show an "unreasonable or adverse effect" under criterion 5. This Court has previously determined that this statutory directive pertains solely to the burden of persuasion, while the initial burden of production remains with the applicant (here, the Town) for all of the criteria under review. See Route 103 Quarry (Appeal of J.P. Carrara & Sons, Inc.), No. 205-10-05 Vtec, slip op. at 8 (Vt. Envtl. Ct. Nov. 22, 2006) (Durkin, J.).

Additionally, an affidavit submitted in support of or in opposition to a motion for summary judgment must be made on personal knowledge and set forth "facts as would be admissible" as well as "show affirmatively that the affiant is competent to testify on the matters stated therein." V.R.C.P. 56(e); see also Reporter's Notes, V.R.C.P. 56 ("the purpose of an affidavit is to demonstrate that admissible evidence of the fact exists"). We review the affidavits submitted with these standards in mind.

### a.) *Appellant's Question 4 (addressing Act 250 criterion 3)*

Criterion 3 of Act 250 requires a district commission and, on appeal, this Court, to determine whether the proposed development will "cause an unreasonable burden on an existing

water supply." 24 V.S.A. § 6086(a)(3). As discussed above, at trial the Town will bear the burden of persuasion that its project complies with criterion 3.

Because the Town's motion for summary judgment requires more analysis, we address it first. To defeat the Town's motion for summary judgment, Appellant (as the non-moving party) need only make some showing of admissible evidence supporting the existence of disputed material facts which, when viewed in a light most favorable to Appellant, could prevent the Court from reaching the conclusion the proposed project complies with criterion 3. Although the Town has provided an abundance of evidence to support its position, we note that Appellant has also submitted an affidavit which makes sufficient reference to admissible evidence to prevent a summary ruling in the Town's favor at this stage of this appeal.

The Town's submissions include the sworn, notarized statements of two scientific professionals providing their professional opinion that the safeguards and procedures the Town will employ regarding chlorine use and storage will contain any spills; that the Town's project will not prevent Appellant from accessing her wells; and that the findings of a water source evaluation report indicate that the Town's well will not cause an unacceptable interference with Appellant's water supply. (See Kiernan Aff. ¶¶ 17, 21, filed May 11, 2010; Perry Aff. ¶ 3, filed May 11, 2010). Appellant's submissions include her affidavit referring to wells on her property; expressing concerns that the Town's project would prevent her from accessing her wells and contaminate her water supply; and referencing an environmental firm's study on water quality and water pressure impacts from the Town's well on her wells that she plans to submit as evidence at trial in connection with the firm's testimony. (See Appellant's Aff. ¶¶ 4, 5, 7, filed June 16, 2010; Appellant's Response to Town of Waitsfield's Motion for Summary Judgment and Appellant's Cross Motion for Summary Judgment 6, filed June 11, 2010). While Appellant's showing of evidence is not overwhelming, we conclude that it is sufficient, particularly when viewed in light of the summary judgment standards, to survive the Town's motion. We are not yet at the stage of rendering findings of fact, particularly on disputed factual issues, and are therefore prohibited from assigning relative weight to the parties' evidence as presented. See Stamp Tech, Inc. v. Lydall, 2009 VT 91, ¶ 31 (citation omitted).

Turning to Appellant's request for summary judgment, to the extent that she makes such a request as to Act 250 criterion 3, we have already noted that the Town has provided a wealth of evidence in support of its assertion that the proposed project will not "cause an unreasonable

burden on an existing water supply." 10 V.S.A. § 6086(a)(3). Thus, when viewing the presented facts concerning criterion 3 in a light most favorable to the Town, we cannot grant summary judgment in Appellant's favor, either. We therefore conclude that both the Town's and Appellant's motions for summary judgment as to Question 3 must be **DENIED**.

### b.) *Appellant's Question 4 (addressing Act 250 criterion 5)*

Appellant's Question 4 raises the question of whether the Town's proposed project will "cause unreasonable congestion or unsafe conditions with respect to use of the highways, . . . and other means of transportation existing or proposed." 24 V.S.A. § 6086(a)(5). Unlike with criterion 3, Appellant bears the burden of persuasion in relation to criterion 5.

Turning first to the Town's motion for summary judgment on Question 4, to defeat the Town's motion, Appellant must make some showing of admissible evidence supporting the existence of disputed material facts which, when viewed in a light most favorable to Appellant, provide a basis for concluding that she may be able to meet her burden of persuasion at trial. Here, again, Appellant's affidavit makes sufficient reference to admissible evidence to prevent a summary ruling in the Town's favor. Specifically, Appellant's affidavit states that the location of components of the Town's planned project would prevent her from being able to access a majority of her property, due to the property's topography. (See Appellant's Aff. ¶ 3, filed June 16, 2010). Giving Appellant the benefit of all reasonable doubts and inferences, such facts could support a determination that the Town's project may not conform to criterion 5. Thus the Town's motion for summary judgment on Question 4 must be **DENIED**.

Examining Appellant's motion for summary judgment on Question 4, to the extent that she is seeking it, the Town prevents such judgment through its reference to admissible evidence in an affidavit attesting to the project's design and tending to show that Appellant will be able to access her property as well as the pathway the affiant calls Reed Road, even after the Town's project is completed. (See Kiernan Aff. ¶¶ 21, 22, filed May 11, 2010). Thus, Appellant's motion for summary judgment on Question 4 is **DENIED**.

### Conclusion

For all the reasons more fully discussed above, the Town's motion for summary judgment is **GRANTED** as to Question 1 and 2 and **DENIED** as to Question 3 and 4. Appellant's motion for summary judgment is **DENIED** as to all Questions. In light of the rulings announced today, this matter will be scheduled for a hearing on the merits.

12

Done at Berlin, Vermont, this 2nd day of November 2010.


_____
Thomas S. Durkin, Judge